# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| **Thales DIS France SAS,**<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>**Canadian Bank Note Ltd. and CBN Secure Technologies, Inc.**<br><br>　　　　　　Defendants. | Civil Action No.: _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Thales DIS France SAS ("Thales" or "Plaintiff") by and through its undersigned counsel, brings this Complaint against Defendants Canadian Bank Note Company Ltd. and CBN Secure Technologies, Inc. (collectively, "CBN" or "Defendant") and alleges as follows:

## NATURE OF THE ACTION

1.　　This action arises under the Patent Act, 35 U.S.C. §§ 1 *et seq.* Thales brings this action seeking past and ongoing money damages for the CBN's acts of making, using, selling, offering for sale and/or importing its polycarbonate, laser engraved driver's licenses and identification cards that infringe Thales' patent ("Accused Products").

1

## THE PARTIES

2. Thales DIS France SAS is a French corporation organized and existing under the laws of France with a principal place of business at 6 Rue de la Verrerie, 92190 Meudon, France.

3. Thales is a global leader in digital security. More than one billion people worldwide use its products and services for telecommunications, financial services, e-government, identity and access management, multimedia content, digital rights management, IT security, mass transit, and many other applications.

4. Thales has a long tradition of innovation and invests heavily in research and development. One such innovation is its physical high-security driver's licenses and identification cards. The driver's licenses and ID cards are made of polycarbonate construction, laser engraved and have advanced integrated security features designed to protect the holders of the licenses and ID cards against counterfeiting. The advanced security features include laser-engraved photos and Multiple Laser Images (MLIs). These ground-breaking high security features make the licenses and ID cards very difficult to forge, thereby protecting against identity, fraud, and theft.

5. In 2019, Thales acquired the Group Gemalto, that operated as Thales Digital Identity and Security Global Business Unit (GBU), now renamed

Cybersecurity and Digital Identity GBU, along with its assets including United States Patent No. 9,242,502 (the "'502 Patent"), titled "Identification Document and a Method of Producing." The invention of the '502 Patent is directed to a novel identification document with security elements that provide improved ways to visually detect forgeries. Thales DIS France SAS is the exclusive owner of the '502 Patent.

6.  Defendant Canadian Bank Note Company Limited ("CBN") is a Canadian corporation having its principal place of business at 145 Richmond Road, Ottawa, ON K1Z 1A1, Canada.

7.  Defendant CBN Secure Technologies Inc. ("CBN US") is a wholly owned subsidiary of CBN (collectively, "CBN"). CBN US is a Florida corporation and has its principal address and main production facility at 350 Stinson Dr., Danville, Virginia 24540

8.  Upon information and belief, CBN also has an office in Albany, New York.

9.  Like Thales, CBN US is engaged in the manufacturing of government-issued identification documents, including driver's licenses and ID cards. It uses technologies such as laser-engraved polycarbonate cards with features like grayscale photos, ghost windows, and other anti-counterfeiting measures.

3

## JURISDICTION AND VENUE

10. This action arises under the United States patent laws, 35 U.S.C. § 101, *et seq.*, including 35 U.S.C. § 271, *et seq.*, based on Defendant's unauthorized commercial manufacture, use, sale, offers for sale, and/or importation into the United States of its infringing driver's licenses and identification cards.

11. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

12. This Court has general and specific personal jurisdiction over Defendant in this District because directly or through intermediaries, Defendant committed acts within the District giving rise to this action and is present in, transacts and conducts business in the District related to the Accused Products. Defendant uses, offers for sale, and/or sells its Accused Products within this District and/or otherwise places such Accused Products within the stream of commerce with the expectation that they will be used in this District.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) because CNB US has its headquarters, manufacturing facility, and principal place of business in the State of Virginia. Further, Defendant has committed or induced acts of infringement, and/or advertised, marketed, sold, offered to sell products,

4

including the Accused Products in this District by and through at least the manufacturing facility in Danville, Virginia.

**THE PATENT-IN-SUIT**

14. On January 26, 2016, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '502 Patent, directed to a novel identification document with security elements that provide improved ways to visually detect forgeries.

15. Claim 1 of the '502 Patent describes and claims an identification document with security features. The text of claim 1 is mapped below with regard to Figure 2 of the Patent.



**U.S. Patent No. 9,942,502**

Specifically, claim 1 recites an identification document 11 having a non-transparent core 6 on the upper or lower surface of which a photo 2 or other information 3 is arranged, and one or more layers of transparent material 14 on at least the front or

5

back surface of the core. The identification document has a translucent security element located in region 7 in the form of a thinner region of the core 6 which has a thickness that is smaller than but not equal to zero relative to the core. The thinner region 6 contains a non-transparent element 8, such that the translucent security element cannot be seen in normal lighting conditions from the upper surface, and if the upper surface is viewed in backlighting conditions, the translucent security element can be seen from the upper surface.

16.     The '502 Patent is presumed valid under 35 U.S.C. §282.

17.     Plaintiff owns all rights, title and interest in and to the '502 Patent and has the right to prevent others from making, having made, using, offering for sale, or selling products or services covered by such patent, as well as the right to enforce the '502 Patent against the Defendant who is using Plaintiff's secure identification technology without permission.

18.     Defendant is not licensed under the '502 Patent, either expressly or impliedly, nor does it enjoy the benefit from any rights in or to the '502 Patent. A true and correct copy of the '502 Patent is attached as Exhibit 1.

19.     Defendant's driver's licenses and identification cards infringe one or more claims of the '502 Patent.

20. The '502 Patent has 2 independent claims and 19 dependent claims. Thales asserts that at least claim 1 is infringed by the Accused Products, directly or indirectly, either literally or under the doctrine of equivalents.

## FACTUAL ALLEGATIONS

21. Thales is a global leader in digital security. Thales has an extensive presence and robust experience in providing sophisticated, secure solutions for physical driver's licenses and identification cards, healthcare, border, and other civil identity programs. In North America alone, Thales provides driver's license and identification card services for 17 agencies across the U.S. and Canada.

22. Thales' trusted identity documents, including driver's licenses and identification cards, are made of polycarbonate construction, are laser engraved, and have advanced integrated security features that are designed to protect the holders of the licenses and ID cards against counterfeiting. The advanced security features include laser-engraved photos and Multiple Laser Images (MLIs). These ground-breaking high security features make the licenses and ID cards very difficult to forge, thereby protecting against identity fraud and theft.

23. Thales' trusted identity documents combine card bodies with sophisticated enrollment capture solutions, advanced card design, leading edge

security features, and secure production and personalization to protect the document and resident data throughout the entire process.

24. In the United States, driver's licenses and identification cards are issued by each individual state.

25. CBN competes directly with Thales in the United States driver's license and identification card market. CBN US has secured contracts with several state Departments of Motor Vehicles ("DMV") to provide secure driver's licenses and ID cards, including Virginia, New York, Wisconsin, North Carolina, and South Carolina.

26. CBN touts its driver's licenses and ID cards as having advanced security features. For example, the North Carolina Division of Motor Vehicles (DMV) reports that "[t]he state's new credential is a 100% polycarbonate card that is personalized using laser engraving technology." NCDMV Unveils State's Most Secure Licenses, IDs Ever (dated May 28, 2024) (last visited Oct. 21, 2025) (Exh. 2).

27. Examples of CBN's New York and North Carolina Accused Products are depicted below. Each have a photograph, identifying information, and enhanced security features.

 

**New York (driver's license, front and back)**

 

**North Carolina (driver's license, front and back)**

## COUNT I

## Patent Infringement Under 35 U.S.C. § 271(a)

28. Thales realleges and incorporates by reference the allegations of paragraphs 1-27.

9

29. CBN infringes the '502 Patent by making, having made, using, selling, and/or offering to sell the Accused Products in at least in Virginia, New York, and North Carolina that literally practice at least one claim of the '502 Patent directly or indirectly, either literally or under the doctrine of equivalents.

30. The CBN Accused Products meet the claim element "an identification document" as driver's licenses are well-known forms of identification.

31. CBN's infringement is shown, for example, through application of the New York driver's license to claim 1 of the '502 Patent.

32. The CBN Accused Products meet the claim element of "a non-transparent core on the upper or lower surface of which a photo or information is arranged." As shown, for example, CBN's New York driver's license includes at least one non-transparent core with a photo and/or information, which is a standard for such cards.



non-transparent core inside

As indicated in the patent, "it is not necessary for the entire material used in the core 46 to be non-transparent, but instead it is also possible to include one or more transparent layers 42 in the core 46, as long as it is ensured that the core as a whole has the required minimum opacity." Exh. 1, 6:14-18.

33. The CBN Accused Products meet the claim limitation of "one or more layers of a transparent material arranged on at least aback or a front surface of said core." As shown below, CBN's NY cards have translucent areas and, consequently, transparent material above the core.



**Front Side**                                **Back Side**

34.     Also as shown above, the Accused Products meet the claim element of "the identification document has a translucent security element." The translucent security element corresponds to the elements visible in the translucent areas.

35.     The CBN Accused Products meet the claim element of "in the form of a thinner region where the thickness of the non-transparent core material is smaller, but not equal to zero, as compared to the thickness of the non-transparent core material in other parts of said core." As shown, when the back side of the card is backlighted, the Accused Products incorporate different levels of opacity or translucency. These areas of different levels of opacity, represented by A, B, and C, below, are formed by differing thicknesses of the non-transparent core material.

12



**Back Side with Backlighting**  **Back Side Normal Lighting**

36. The CBN Accused Products meet the claim element of "contains a non-transparent element located in said thinner region" as shown by, e.g., C above. On the right side, area C is not visible to view in normal lighting, button the left side, area C is visible when backlighted, making it non-transparent.

37. The CBN Accused Products meet the claim limitation of "such that the translucent security element cannot be seen in normal lighting conditions from an upper surface of the dentification document, and if the upper surface is viewed in backlighting conditions, the translucent security element can be seen from the upper surface."

13

 

**Back Side with Backlighting**          **Back Side Normal Lighting**

As shown above, the circled areas on the back of the card are visible when it is backlighted, but not visible when the card is viewed in a normal lighting condition.

38. As set forth in paragraphs 27-36, the CBN NY cards meet each and every limitation of at least claim 1 of the '502 Patent.

39. On information and belief, at least the North Carolina driver's license cards also meet each and every limitation of at least claim 1.

40. As a result of CBN's infringement of Thales' rights in the '502 Patent, Thales has suffered and will continue to suffer damages.

41. CBN's infringement of the '502 Patent has been and is with full knowledge of the patent and Thales' rights therein.

42. CBN has been aware of the '502 Patent since at least June 4, 2024, when Thales provided notice to CBN of Thales' rights in the '502 Patent.

## COUNT II

### Patent Infringement Under 35 U.S.C. §271(b)

43. Thales realleges and incorporates by reference, as if fully set forth herein, the allegations set forth in paragraphs 1-43.

44. On information and belief, CBN has been, and currently is, inducing infringement of at least claim 1 of the '502 Patent in violation of 35 U.S.C. § 271(b), by knowingly encouraging and instructing others, including its customers and end users of the Accused Products, to directly infringe the '502 Patent including, resellers that sell, offer for sale, and/or import the Accused Products for sale and distributors of the Accused Products that offer for sale, and/or import the Accused Products into the United States.

45. For example, Defendants induce direct infringement by authorizing others to sell, offer for sale, and import the Accused Products into the United States.

46. As a direct and proximate result of Defendants' acts of infringing at least claim 1 of the '502 Patent, Thales has suffered injury and monetary damages for which Thales is entitled to relief in the form of damages for compensatory damages, and in no event, not less than a reasonable royalty to compensate for Defendants' infringement.

15

47. Defendants will continue to induce infringement of at least claim 1 of the '502 Patent, causing immediate and irreparable harm to Thales unless this Court enjoins and restrains its activities, specifically the acts of making, using, selling, offering for sale, and importing for sale, as outlined above. There are inadequate remedies available at law to compensate for this harm.

48. Upon information and belief, the induced infringement of at least claim 1 of the '502 Patent by Defendants has deprived, and will deprive, Thales of sales, licensing fees, royalties, and other related revenue which Thales would have made or would enjoy in the future; has injured Thales in other respects; and will cause Thales added injury and damage unless Defendants are enjoined from inducing infringement of at least claim 1 of the '502 Patent for all driver's licenses products Defendants make, use, sell, offer for sale, import for sale, distribute, market, or advertise until the expiration of the '502 Patent.

49. Upon information and belief, Defendants have knowingly, willfully, and deliberately induced infringement of the '502 Patent in conscious disregard of Thales' rights, making this case exceptional within the meaning of 35 U.S.C. § 285 and justifying treble damages pursuant to 35 U.S.C. § 284.

**JURY DEMAND**

Thales respectfully requests a trial by jury on all issues so triable.

## REQUEST FOR RELIEF

Thales respectfully requests this Court enter judgment against the Defendants that confirm infringement of one or more claims of the Asserted Patent, directly and indirectly, literally and/or under the doctrine of equivalents as follows:

a) An award to Thales of its damages pursuant to 35 U.S.C. § 284;

b) A declaration that this case is exceptional and, in conjunction with an award of reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285;

c) Costs and expenses incurred in this action;

d) An award of pre-judgment and post-judgment interest; and

e) Such other and further relief this Court deems just and proper.

Dated: November 3, 2025      Respectfully submitted,

/s/ Joshua F. P. Long
Joshua F. P. Long (VSB #65684)
Woods Rogers Vandeventer Black
P.O. Box 14125
10 South Jefferson Street, Suite 1800
Roanoke, VA 24038-4125
Telephone: (540) 983-7600
Facsimile: (540) 983-7711
Josh.long@woodsrogers.com

Meredith Martin Addy
   (*pro hac vice forthcoming*)
**ADDYHART LLC**
10 Glenlake Parkway
Suite 130
Atlanta, Georgia 30328
312.320.4200
meredith@addyhart.com


Janet A. Pioli
   (*pro hac vice forthcoming*)
**ADDYHART LLC**
401 North Michigan Avenue
Suite 1200-1
Chicago, Illinois 60611
312.371.1299
janet@addyhart.com

   *Attorneys for Plaintiff*
   *Thales DIS France SAS*